RECEIVED
IN ALEXANDRIA, LA.
JUN 2 4 2009
TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN M. HUNTER,<br>Petitioner | CIVIL ACTION<br>Section "P"<br>NO. CV06-1745-A |
| VERSUS | |
| U.S. PAROLE COMMISSION,<br>Respondent | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed on October 6, 2006, pursuant to 28 U.S.C. § 2241 by Steven M. Hunter ("Hunter"), challenging a decision of the United States Parole Commission in his case.

Hunter was convicted in the Superior Court of the District of Columbia on one count of first degree burglary, one count of assault with a dangerous weapon, and one count of aggravated assault. On February 1, 1996, Hunter was sentenced to a total of not less than ten years nor more than thirty-one years of imprisonment. Subsequently, in a prison disciplinary hearing, Hunter was also convicted of assaulting a corrections officer. As a result, twelve to eighteen months was added to Hunter's parole guideline range by the United States Parole Commission ("USPC") pursuant to the amended 2000 parole guidelines. In 2008, Hunter was again denied parole under the 2000 parole guidelines. Hunter

then filed this habeas petition, which was dismissed by this court (Doc. 7).

On appeal, the Fifth Circuit Court of Appeals vacated the judgment in part and remanded the case to this court in April 2009 (Doc. 19). On remand, the Fifth Circuit directed this court to compare the amended parole guidelines at issue with the old guidelines to determine whether there are facial distinctions and whether application of the amended guidelines to Hunter yielded different results. The Fifth Circuit also directed this court to consider Hunter's claim that the USPC's application of the amended parole guidelines was an abuse of discretion, an abuse of authority, capricious, prejudicial, illegal, and unwarranted, and to include a statement of findings and conclusions of law.

Hunter's habeas petition is now before the court on remand.

## Law and Analysis

The respondent contends Hunter's habeas petition is now moot. According to the Respondent's exhibits (Doc. 38), on June 12, 2009, the USPC ordered Hunter's case reopened and remanded for a new parole determination pursuant to the 1987 guidelines and 1991 policies in effect at the time of the commission of Hunter's offenses (Doc. 38, Ex. F). Respondent contends that, since Hunter has been "effectively afforded the relief sought" in this case, his case is no longer justiciable and must be dismissed as moot.

Since Hunter sought a parole determination pursuant to the old

guidelines, and the parole commission has now ordered that Hunter be afforded exactly that relief, Hunter's petition is moot and should be dismissed. See American Medical Ass'n v. Bowman, 857 F.2d 267, 270 (5th Cir. 1988), and cases cited therein ("If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot. With the designation of mootness comes the concomitant designation of non-justiciability.").

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Hunter's habeas petition be DENIED AND DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM**

**ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 24th day of June, 2009.

*/s/ James D. Kirk*
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

Federal regulations afford federal prisoners administrative review of the computation of their sentences, see 28 CFR §§ 542.10-542.16 (1990), and prisoners may seek judicial review of those computations after exhausting their administrative remedies. U.S. v. Wilson, 503 U.S. 329, 335-336, 112 S.Ct. 1351, 1355 (1992), and cases cited therein.
On